UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL KRUSKOPF,
MARY KATHRYN PHILLIPS,
KESTREL SCHMIDT,
KATHY MOUNTS, and
TAMARA NOBEL,

        Plaintiffs,

vs.

ST. CHARLES HEALTH SYSTEM, INC.,

        Defendant.

Case No. 6:23-cv-01196-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

    Plaintiffs Michael Kruskopf, Mary Kathryn Phillips, Kestrel Schmidt, Kathy Mounts, and Tamara Nobel (collectively, "Plaintiffs") filed this action against their former employer St. Charles Health System, Inc. ("Defendant") on August 16, 2023, alleging state and federal law claims of employment discrimination. Compl. ¶¶ 9–10, ECF No. 1. Before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10. For the reasons below, Defendant's motion is granted in part.

## BACKGROUND

    Each Plaintiff worked for Defendant during the COVID-19 pandemic. Compl. ¶ 3. On August 4, 2021, Governor Brown announced a mandate that all health care workers must be fully

vaccinated or subject to weekly COVID-19 testing. The Oregon Health Authority subsequently determined that weekly testing would not be sufficiently effective in addressing patient and coworker safety risks, and the mandate was changed to require that all health care workers be fully vaccinated. In summer 2021, Defendant "imposed a COVID-19 vaccine mandate on its employees." *Id.* ¶ 4. In November 2021, the U.S. Center for Medicare and Medicaid Services imposed a nationwide vaccine mandate for healthcare workers. The U.S. Supreme Court upheld the federal vaccine mandate and affirmed that the vaccine was "necessary to promote and protect patient health and safety." *Biden v. Missouri*, 595 U.S. 87, 93 (2022). Both the state and federal vaccine mandates allowed for exceptions based on religious or disability-related accommodation requests but required that such accommodations not pose a health risk to others, primarily patients and coworkers.

      Plaintiff Kruskopf was a registered nurse employed by Defendant. Compl. ¶ 6. After Defendant announced its vaccine mandate, Plaintiff Kruskopf alleges that his "co-workers started making rude and negative comments about those who chose not to get vaccinated" and discriminated against unvaccinated individuals by requiring them to wear stickers on their badges and use separate entrances. *Id.* ¶ 7. Plaintiff Kruskopf completed an exemption request form on September 27, 2021. Durr Decl. Ex. 1, ECF No. 1.[1] Plaintiff Kruskopf stated his belief that "[t]he requirement to take one or more of the experimental injections contradicts the teachings of the Holy Bible," citing several Bible verses underlying that belief. *Id.* Ex. 2. Defendant granted Plaintiff Kruskopf's requested exemption but placed him on unpaid

---

[1] For purposes of this Rule 12(b)(6) motion, Defendants agree that Plaintiffs' letters are incorporated by reference into Plaintiff's Complaint. Def.'s Mot. Dismiss ("Def.'s Mot.") at 3.

administrative leave from October 12, 2021, until his termination on February 16, 2022. Compl. ¶ 8.

Plaintiff Phillips was a certified nursing assistant employed by Defendant. Compl. ¶ 12. Plaintiff Phillips completed an exemption request form on September 14, 2021. Durr Decl. Ex. 3. Plaintiff Phillips asserted "a deeply held belief against receiving a COVID-19 vaccination" based on her religion. *Id*. She added that "any coerced medical treatment goes against my religious faith and the right of conscience to control one's own medical treatment, free of coercion or force" and that she has "a solemn, sincere, religious conviction or conscientious objection to any treatment or prophylactic measure." *Id*. Exs. 4, 5. Defendant granted Plaintiff Philips' requested exemption but placed her on unpaid administrative leave from October 18, 2021, until her termination on February 16, 2022. Compl. ¶ 13.

Plaintiff Schmidt was registered nurse employed by Defendant. Compl. ¶ 17. After Defendant announced its vaccine mandate, Plaintiff Schmidt alleges that her "co-workers made rude and negative comments about unvaccinated people" and unvaccinated workers were "forced to use[] different PPE, letting everyone know who was unvaccinated" amounting to a "hostile work environment." *Id*. ¶ 17. Plaintiff Schmidt completed an exemption request form on September 12, 2021. Durr Decl. Ex. 7. Plaintiff Schmidt asserted her belief that her body is a "temple" given to her by God and that it is her "God-given responsibility and requirement…to protect the physical integrity of [h]er body against unclean food and injections." *Id*. Ex. 8. Because she also believes that the vaccine is "impure" due to "the use of fetal cells deprived from human life, mRNA," she refused to "receive an injection that will alter the natural reaction God intended of my body." *Id*. Defendant granted Plaintiff Schmidt's requested exemption but

placed her on unpaid administrative leave from October 18, 2021, until her termination on February 16, 2022. Compl. ¶ 16.

Plaintiff Noble was a registered nurse employed by Defendant. Compl. ¶ 19. After Defendant announced its vaccine mandate, Plaintiff Noble alleges that she "witnessed workplace discrimination, including doctors and nurses that treated unvaccinated patients, visitors, and staff differently" including "refusing to test or treat patients in the emergency department, based solely on their vaccination status." *Id*. ¶ 21. She alleges that she heard comments such as "they can just suffer" and witnessed patients being discharged without "medication or compassion" such that she "feared for herself and her family if they ever needed treatment." *Id*. Plaintiff Noble completed an exemption request form on September 15, 2021. Durr Decl. Ex. 9. Plaintiff Noble stated that she could not take the COVID-19 vaccination due to her Christian beliefs. *Id*. Ex. 10. She cited several Bible verses that she believed conflicted with the mandate, including the belief that her body is a "temple of the Holy Spirit" and that "God would not want me injecting this into my body based on the COVID vaccines [sic] many additives and its mechanism of actions." *Id*. Defendant granted Plaintiff Noble's requested exemption but placed her on unpaid administrative leave from October 14, 2021, until she resigned on November 19, 2021. Compl. ¶ 20.

Plaintiff Mounts is named in the caption of the Complaint but there are no allegations in the Complaint itself concerning her.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins.,* 869

F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Defendant moves to dismiss all Plaintiffs' religious discrimination claims for failure to plead that they held a bona fide religious belief in conflict with an employment duty. Defendant also moves to dismiss any hostile work environment claims because unvaccinated individuals are not a protected class entitled to protection by Title VII. The Court addresses each argument in turn.

I.  **Employment Discrimination**

Defendant moves to dismiss Plaintiffs' claims that Defendant engaged in unlawful employment discrimination based on religion under Title VII of the Civil Rights Act and Or. Rev. Stat. ("ORS") § 659A.030 by failing to properly accommodate Plaintiffs' requests for religious exemptions. Specifically, Defendant asks the Court to find that Plaintiffs have not sufficiently alleged that they held religious beliefs that conflicted with the vaccine mandate.

To make out a prima facie case of religious discrimination based on a failure to accommodate a religious exemption request under Title VII or ORS 659A.030, a claimant must plead sufficient facts to show that (1) she had a bona fide religious belief that conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer took an adverse employment action because of the claimant's inability to fulfill the job requirement. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *see also Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 n.2 (9th Cir.1993) ("Courts construe Oregon's statutory counterpart, Or. Rev. Stat. § 659.030 (1992), as identical to Title VII.").

Defendant argues that Plaintiffs' Complaint fails to state a claim of religious discrimination because it fails to allege the first element of such a claim—that Plaintiffs held a bona fide religious belief that conflicted with the vaccine mandate. Defendant's arguments relating to each Plaintiff can be distilled into two general points: (A) that Plaintiffs' allegations about their faith are too conclusory to state a claim and (B) that Plaintiffs' beliefs are truly secular rather than religious in nature.

A.  **The Specificity of Plaintiff's Pleading**

Defendant argues that Plaintiffs failed to allege religious beliefs in conflict with an employment duty because their allegations are conclusory and lack specificity. While courts

need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value," *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (internal citation omitted), assertions "of a sincere religious belief [are] generally accepted." *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023); *see also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [plaintiffs'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 584 U.S. 617, 638 (2018))). Further, "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit" protection. *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714 (1981).

Here, as summarized above, Plaintiffs Kruskopf, Phillips, Schmidt, and Noble have alleged that their religious beliefs precluded them from taking the COVID-19 vaccine. The letters included with their exemption requests describe the nature of those beliefs. Taking all factual allegations as true and drawing all reasonable inferences from the pleadings in the light most favorable to Plaintiffs, Plaintiffs plausibly alleged that their religious beliefs conflicted with an employment duty because the vaccine mandate would require them to partake in a medical intervention inconsistent with those religious beliefs. Accordingly, these Plaintiffs' allegations are sufficient at the pleading stage.

However, the Complaint contains no allegations concerning Plaintiff Mounts. She has therefore failed to state a claim and her claims are dismissed.

### B.    "Secular" Allegations

Defendant also argues that even if Plaintiffs did allege beliefs in conflict with an employment duty, those beliefs are secular and therefore insufficient to support their claims for

religious discrimination. Because "Title VII does not protect secular preferences," employers need not accommodate personal preferences couched as a bona fide religious belief. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998) (citations omitted). However, a religious belief may still be sufficiently pled when alleged alongside secular beliefs. *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Emp. Opportunity Comm'n, § L.2 https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (last visited Mar. 20, 2024) ("[O]verlap between a religious and political view does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system and is not simply an isolated teaching."); *see Doe*, 19 F.4th at 1180 (citing *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Emp. Opportunity Comm'n, § L.2–L.3 https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws).

 As the Court has already addressed, Plaintiffs plausibly allege sincere religious beliefs in conflict with an employment duty. Defendant argues that because there are secular concerns underlying the religious ones (*e.g.*, medical or scientific beliefs about the contents of the vaccine which lead them to conclude that taking the vaccine conflicts with their religious beliefs), the beliefs as a whole are secular rather than religious. However, as noted above, the fact that Plaintiffs also allege a medical component to their beliefs does not nullify their religious-based objections to the vaccine.

 Accordingly, Defendant's motion to dismiss Plaintiff' employment discrimination claims is denied as to Plaintiffs Kruskopf, Phillips, Schmidt, and Noble, but granted as to Plaintiff Mounts.

**II.     Hostile Work Environment – 42 U.S.C. § 2000e-2(a)(2)**

Defendant also moves to dismiss all Plaintiffs' hostile work environment claims under Title VII of the Civil Rights Act. Title VII protects employees from discrimination on the basis of their race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2(a)(2). For Plaintiffs to make out a prima facie case under a hostile work environment theory, they must show: "(1) that [they were] subjected to verbal or physical conduct [because of their religion]; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive work environment." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 642 (9th Cir.2003) (citing *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998)).

Defendant argues that any hostile work environment claim fails because Plaintiffs did not allege that they were members of a protected class. However, religion is an enumerated protected class under Title VII, 42 U.S.C. §2000e-2(a)(2), and Plaintiffs have alleged that they held "sincere and profound religious beliefs." Compl. ¶ 3. Thus, the Court understands that the argument underlying Defendant's assertion is that Plaintiffs have not alleged that the conduct was directed at their religion but was instead directed at their vaccination status, which is not protected under Title VII. The question is therefore whether Plaintiffs have alleged facts which plausibly establish harassment based on their religious status.

In the Ninth Circuit, a plaintiff sufficiently pleads a hostile work environment claim when they allege, for example, that the verbal harassment contained epithets linked to their protected status. *See Sharp v. S&S Activewear, LLC*, 69 F.4th 974, 979 (9th Cir. 2023) (stating that "gender-specific epithets," . . ha[ve] been consistently held to constitute harassment based upon sex") (internal quotation omitted); *see also Kang v. U. Lim Am., Inc.*, 296 F.3d 810 (9th Cir.

2002) ("Generally, a plaintiff alleging racial or national origin harassment would present facts showing that he was subjected to racial epithets in the workplace."); Dawson v. Entek Intern, 630 F.3d 928 (9th Cir. 2011) (holding that summary judgment was appropriate because the record did not demonstrate that the plaintiff was "being verbally harassed for appearing non-masculine or for otherwise not fitting the male stereotype").

Here, Plaintiffs did not plausibly allege that they experienced harassment because of their religious status. As summarized above, Plaintiffs Kruskopf, Schmidt, and Noble alleged conduct directed at unvaccinated individuals, but there are no allegations which would allow a plausible inference that the conduct occurred "because of" their protected religious status. There are no allegations of epithets or other language directed at their religion, nor are there any allegations which would allow the plausible inference that behavior directed at unvaccinated individuals was "because of" those individuals' religion. Indeed, the Complaint refers to conduct towards "unvaccinated" individuals with no allegation that individuals remaining unvaccinated for non-religious reasons were treated any differently than those who were unvaccinated for religious reasons. Further, Plaintiffs Phillips and Mounts alleged no facts at all regarding a hostile work environment. Accordingly, Defendant's Motion to Dismiss is granted as to the hostile work environment claims.

### III.   Leave to Amend

Plaintiffs have requested leave to amend their Complaint to address any deficiencies. Rule 15 provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." Price v. Kramer, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the

pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of amendment, however, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiffs are granted leave to amend their Complaint because amendment would not be futile here and amendment would not prejudice Defendant. There is no indication in the record before the Court that amendment would be futile. Defendant would not be prejudiced by this Court granting leave to amend because Plaintiffs have not yet amended their complaint, and Defendant is on notice regarding the nature of the claims.

## CONCLUSION

For the reasons above, Defendant's Motion to Dismiss (ECF No. 10) is GRANTED IN PART. Plaintiffs' hostile work environment claims and Plaintiff Mounts' employment discrimination claim are dismissed with leave to amend within 30 days of the date of this

/ / /

/ / /

Opinion and Order. If Plaintiffs do not amend, then Defendant's Answer is due 21 days from the date the First Amended Complaint would have been due.

DATED this <u>6th</u> day of December 2024.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge